IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DANNY WAYNE BURKETT,
    Petitioner,

vs.                                        Case No. 5:10cv89/RS/EMT

FLORIDA DEPARTMENT OF CORRECTIONS,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (Doc. 1).  Respondent filed a motion to dismiss the petition with prejudice as untimely (Doc. 12).  Alternatively, Respondent seeks dismissal on the ground that Petitioner procedurally defaulted his claims in the state courts; therefore, the claims are procedurally barred from federal review (*id.*).  Respondent filed relevant portions of the state court record in support of its motion to dismiss (Doc. 12, Exhibits).  Petitioner filed responses in opposition to the motion to dismiss (Docs. 16, 23).

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N. D. Fla. Loc. R. 72.2(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to federal review of his claims.

I.      BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are undisputed and established by the state court record (*see* Doc. 12, Exhibits; Doc. 16 at 3).[1]  Petitioner was charged in the Circuit

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's motion to dismiss (Doc. 12).  If a cited page has more than one page number, the court cites to the page number that appears in the lower right corner.

Court in and for Bay County, Florida, with one count of attempted sexual battery on a person less than 12 years of age (Count 1) and one count of lewd and lascivious molestation (Count 2) (Ex. A). Petitioner pleaded nolo contendere to the charges, pursuant to a written plea agreement (Ex. B). On May 20, 2007, the trial court accepted his plea, adjudicated him guilty, and sentenced him, pursuant to the plea agreement, to concurrent terms of twenty-five (25) years of imprisonment, with pre-sentence credit of 92 days (Exs. C, D). Petitioner did not directly appeal the judgment.

On August 15, 2007, Petitioner filed a pro se motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. E). The state circuit court summarily denied the motion in an order rendered September 5, 2007 (Ex. F). On September 21, 2007, Petitioner filed a memorandum in support of his Rule 3.50 motion (*id.*). The state circuit court construed the memorandum as a motion for reconsideration and denied it in an order rendered October 2, 2007 (Ex. G). Petitioner did not appeal the state circuit court's decision (Doc. 12 at 4).

On April 30, 2008, Petitioner filed a second Rule 3.850 motion in the state circuit court (Ex. H). The state circuit court summarily denied the motion as successive and procedurally barred, and alternatively denied the motion on the merits (Ex. I). Petitioner appealed the decision to the First DCA, Case No. 1D08-2907 (Ex. J). On September 29, 2008, the First DCA affirmed the decision per curiam without written opinion, with the mandate issuing November 26, 2008 (*id.*). Burkett v. State, 995 So. 2d 499 (Fla. 1st DCA 2008) (Table).

On October 13, 2008, Petitioner filed a petition for belated appeal in the First DCA, Case No. 1D08-5107, seeking a belated direct appeal of his conviction (Ex. K). The First DCA relinquished jurisdiction to the trial court for a period of sixty (60) days to hold an evidentiary hearing before a special master (Ex. N). An evidentiary hearing was held on March 10, 2009, at which Petitioner was represented by counsel (Ex. O). At the conclusion of the hearing, the special master announced he would be issuing a written report and recommendation to the First DCA recommending that the petition for belated appeal be denied (*id.* at 177–78). On April 8, 2009, the special master issued his report and recommendation recommending that the petition for belated

appeal be denied (Ex. P). On June 4, 2009, the First DCA denied the petition for belated on the merits (Ex. Q).[2] Burkett v. State, 18 3o. 2d 1039 (Fla. 1st DCA 2009) (unpublished).

Petitioner filed the instant federal habeas action on April 22, 2010 (Doc. 1). One month later, on May 24, 2010, Petitioner filed a third Rule 3.850 motion (Ex. W). The state circuit court denied the motion as untimely (Ex. X). Petitioner appealed the decision to the First DCA, Case No. 1D10-4103 (Ex. Z). On October 13, 2010, the First DCA affirmed the decision per curiam without written opinion, with the mandate issuing November 9, 2010. Burkett v. State, 46 So. 3d 1003 (Fla. 1st DCA 2010) (Table).

II. EXHAUSTION AND PROCEDURAL DEFAULT

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[3] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. Duncan, 513 U.S.

---

[2] Prior to issuance of the special master's report and recommendation, Petitioner filed a pro se notice of appeal in the trial court attempting to appeal the special master's oral pronouncement of his recommendation at the evidentiary hearing (Ex. R). Petitioner's counsel filed an amended notice of appeal of the report and recommendation in the trial court on April 28, 2009 (*id.*). The First DCA assigned a new case number, 1D09-1872 (*see* Doc. 12 at 6, Ex. S). The First DCA granted counsel's motion to withdraw and directed Petitioner to file a pro se initial brief on or before December 23, 2009 (Ex. T). The First DCA dismissed the appeal on March 16, 2010, for Petitioner's failure to file an initial brief (Ex. V).

[3] Section 2254 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B) (i) there is an absence of available State corrective process; or
        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Case No. 5:10cv89/RS/EMT

at 365–66; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); Picard, 404 U.S. at 277–78.

The Supreme Court has provided lower court with guidance for determining whether a habeas petitioner has met the "fair presentation" requirement. In Picard v. Connor, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief. 404 U.S. at 277. In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," *id.*, 404 U.S. at 278, the Court rejected the contention in that case that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

Additionally, the Court has indicated that it is not enough that a petitioner make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court. Anderson v. Harless, 459 U.S. 4, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982). In Anderson, the habeas petitioner was granted relief by the Sixth Circuit Court of Appeals on the ground that a jury instruction violated due process because it obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt. 459 U.S. at 7 (citing Sandstrom v. Montana, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979)). The only manner in which the habeas petitioner cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law." Anderson, 459 U.S. at 7 (internal quotation marks omitted). The Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the cited case advanced a federal claim. *Id.*, 459 U.S. at 7 and n.3. Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought. *Id.*

Years later, the Supreme Court readdressed the "fair presentation" requirement in Duncan v. Henry, 513 U.S. 364. The Duncan Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's

claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal review of the issue.[4] The Supreme Court explained, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court." Duncan, 513 U.S. at 365–66. More recently, the Supreme Court again focused upon the requirement of "fair presentation," holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Baldwin v. Reese, 541 U.S. 27, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004). In Baldwin, the Supreme Court recognized that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Id.*, 541 U.S. at 32. This language, while not part of the Court's holding, provides helpful instruction. With regard to this language, the Eleventh Circuit explained in McNair v. Campbell, 416 F.3d 1291 (11th Cir. 2005):

> If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion. However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" McNair [v. Campbell], 315 F. Supp. 2d at 1184 (quoting Vasquez v. Hillery, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d 598 (1986)). This is consistent with settled law established by the Supreme Court. . . . We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"

416 F.3d at 1302-03 (citations omitted).[5]

---

[4] The petitioner in Duncan raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal. Presented with a state constitutional claim, the state court applied state law in resolving the appeal. 513 U.S. at 366.

[5] In his initial brief before the Court of Criminal Appeals, McNair cited one federal case in a string citation containing other state cases, and in a closing paragraph in his argument that extraneous materials were considered by the jury during deliberations, stated that there was a violation of his rights "protected by the Fifth, Sixth, Eighth[,] and Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law." McNair v. Campbell, 416 F.3d 1291, 1303 (11th Cir. 2005). The court found that these references to federal law were not sufficient

The Eleventh Circuit, prior to Duncan, had broadly interpreted the "fair presentation" requirement. After Duncan, however, the Eleventh Circuit has taken a more narrow approach. For example, in Zeigler v. Crosby, the court held that the habeas petitioner failed to "fairly present" his juror misconduct claims to the state courts where his brief to the state appellate court did not refer to the federal constitutional issues raised in his federal habeas petition, and none of the cases cited in his direct appeal discussed the United States Constitution. 345 F.3d 1300, 1307 (11th Cir. 2003). The Eleventh Circuit specifically noted that the section of the petitioner's appellate brief which dealt with juror misconduct contained the words: "Appellant was denied due process and a fair trial. . . .," which could be interpreted as asserting a fair trial claim under the Due Process Clause of the Florida Constitution. *Id.* at 1308 n.5. The only cases cited in the discussion of the issue in petitioner's state appellate brief were state supreme court cases that made no mention of the United States Constitution and cited no federal cases. The court concluded that petitioner's "[c]ursory and conclusional sentence (unaccompanied by citations to federal law), . . . did not present to the Florida courts the federal claim asserted to us." *Id.*

An issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, that is, procedurally barred from federal review. *See* O'Sullivan, 526 U.S. at 839–40, 848; Bailey v. Nagle, 172 F.3d 1299, 1302–03 (11th Cir. 1999). This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *See* Coleman v. Thompson, 501 U.S. 722, 734–35 and n.1, 111 S. Ct. 2546, 2555 and n.1, 115 L. Ed. 2d 640 (1991); Caniff v. Moore, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); Chambers v. Thompson, 150 F.3d 1324, 1326–27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord* Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993); Parker v. Dugger, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112

---

to meet the fair presentment requirement and noted that it was important that the petitioner had never mentioned the federal standards regarding extraneous materials in his brief, but relied on state law for his arguments. *Id.*

L. Ed. 2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. Bailey, 172 F.3d at 1303. In the second instance, a federal court must determine whether the state's procedural default ruling rested on adequate state grounds independent of the federal question. *See* Harris v. Reed, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989). The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. Lee v. Kemna, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002). The adequacy requirement has been interpreted to mean that the rule must be "firmly established and regularly followed," Siebert v. Allen, 455 F.3d 1269, 1271 (11th Cir. 2006), that is, not applied in an "arbitrary or unprecedented fashion," Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001), or in a manifestly unfair manner. Ford v. Georgia, 498 U.S. 411, 424–25, 111 S. Ct. 850, 858, 112 L. Ed. 2d 935 (1991); Upshaw v. Singletary, 70 F.3d 576, 579 (11th Cir. 1995).

The Eleventh Circuit has set forth a three-part test to determine whether a state court's procedural ruling constitutes an independent and adequate state rule of decision. Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). First, the last state court rendering judgment must clearly and expressly state it is relying on state procedural rules to resolve the federal claim.[6] Second, the state court's decision on the procedural issue must rest entirely on state law grounds and not be intertwined with an interpretation of federal law. Third, the state procedural rule must be adequate. *Id.* The adequacy requirement has been interpreted to mean the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion. *Id.*

To overcome a procedural default such that the federal habeas court may consider the merits of a claim, the petitioner must show cause and prejudice or a fundamental miscarriage of justice. Tower, 7 F.3d at 210; Parker, 876 F.2d 1470. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." McCleskey v. Zant, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S.

---

[6] The federal court should honor the procedural bar even if the state court alternatively reviewed the claim on the merits. Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995); Alderman v. Zant, 22 F.3d 1541 (11th Cir. 1994).

Case No. 5:10cv89/RS/EMT

Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986)). Lack of counsel or ignorance of available procedures is not enough to establish cause. Tower, 7 F.3d at 210. To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." Schlup, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*

Within this framework, the court will determine the exhaustion issue raised in Respondent's motion to dismiss.[7]

III.   ANALYSIS

Petitioner asserts the following as his sole ground for relief in this federal habeas proceeding:

Ground One: "Trial counsel was ineffective for failing to have Defendant evaluated for competency prior to the entry of the defendant's nolo contendere plea."

(Doc. 1 at 9).[8] He states he had a viable defense of insanity, and both defense counsel and the trial court knew he was mentally insane at the time of his offense conduct and at the plea and sentencing hearing (*id.* at 10–11). He states he suffered from, and still suffers from, a mental disorder which causes him to have sexual relationships with young boys (*id.* at 10). He states defense counsel was aware that he had molested a young boy at a church in 1991 and was a registered sexual predator (*id.* at 10–11). He states counsel also knew that he had the "'IQ' character traits" of a child (*id.* at 11). Petitioner contends counsel was ineffective for (1) failing to have him mentally evaluated before sentencing, (2) allowing him to enter a plea knowing that he was mentally ill, (3) allowing

---

[7] As discussed *infra*, the undersigned concludes that Petitioner's claims are procedurally barred from federal review; therefore, the court need not consider the timeliness issue raised in Respondent's motion to dismiss.

[8] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

him to enter a plea knowing that it was involuntary due to his mental illness, and (4) advising him to enter a nolo plea because if he did not accept the plea he would receive a sentence of thirty (30) years to life in prison (*id.* at 11–12). Petitioner asserts defense counsel should have advised the trial court that there was sufficient evidence to create doubt as to his competency, and should have requested a competency hearing (*id.* at 12–15). He contends counsel's failure to investigate his mental condition and request a mental evaluation and competency hearing constituted ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984) (*id.* at 10–16).[9]

Respondent contends Petitioner's claim and its related sub-claims are unexhausted and procedurally defaulted (Doc. 12 at 9–21). Respondent argues Petitioner presented a claim substantially similar to the instant claim as the sole ground for relief in his first Rule 3.850 motion; and the state circuit court summarily denied the claim (*id.* at 10–11). Respondent states Petitioner did not appeal the decision to the First DCA, thereby failing to invoke one complete round of the state's established appellate review process (*id.* at 11). Respondent argues Petitioner may not return to state court to obtain a belated appeal of his first Rule 3.850 motion, because such effort would be denied as time-barred and procedurally defaulted, pursuant to Rule 9.141(c)(4)(A) of the Florida Rules of Appellate Procedure (*id.* at 15).

Respondent further argues that Petitioner then filed a second Rule 3.850 motion in which he raised the four specific sub-claims he raises here (i.e., the four claims enumerated *supra* in the preceding paragraph) (Doc. 12 at 11–12). Respondent argues the state circuit court denied the claims as successive and procedurally barred and, alternatively, for failure to satisfy the standard set

---

[9] The court notes Petitioner included the following statements in his argument of Ground One:

> The Petitioner is asserting in this petition the claim of professional neglect through the ineffectiveness by his trial counselor. That his trial counsel frustrated his right to appeal his 25 year sentence. Where no further review of his sentence could be sought on appellate review.

(Doc. 1 at 10). The undersigned does not construe these statements as asserting a claim of ineffective assistance of counsel based upon counsel's failure to file a direct appeal. Petitioner buried these statements in his eight-page argument on the issue of counsel's failure to investigate and seek an evaluation of and determination of his mental competency. He does not allege any facts in support of his assertion that counsel was ineffective in relation to his direct appeal; instead, he vaguely asserts counsel "frustrated" his right to appeal his sentence. Petitioner's conclusory argument on this issue is insufficient to properly present the claim for federal habeas review or establish a basis for federal habeas relief.

Case No. 5:10cv89/RS/EMT

forth in Strickland v. Washington, 466 U.S. 668 (1984) (*id.* at 12–13). Further, the First DCA affirmed the lower court's decision. Respondent contends the federal court must honor the state court's application of the state procedural bar and decline to review the merits of the claims.

The state court record shows that Petitioner presented the following issue in his first Rule 3.850 motion: "Defense counsel failed to have defendant examined to determine his sanity." (Ex. E). Petitioner argued he was mentally insane when he committed the crimes and when he was convicted and sentenced (*id.*). He stated he suffered from a longstanding and advanced case of "Erotica Mania" and was obsessed with having sexual relationships with young boys (*id.*). He asserted defense counsel knew that he had molested a young boy at a church in 1991, and counsel knew he was a registered sexual predator (*id.*). Petitioner asserted counsel also knew that he had "freely and proudly" confessed to the crimes (*id.*). Petitioner argued counsel should have investigated his mental state, which would have revealed that he had "character traits" of a child and had been in a serious traffic accident which left him with slurred speech and memory loss (*id.*). He argued counsel performed ineffectively by failing to request a competency evaluation and hearing (*id.*).

The state circuit court summarily denied the Rule 3.850 motion (Ex. F). Petitioner did not file a notice of appeal, which was all that was required to appeal the decision under state procedural rules. *See* Fla. R. App. P. 9.110 (a, b, d), 9.141(b)(2). Therefore, he failed to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *See* O'Sullivan, 526 U.S. at 845.

With regard to the related claims of ineffective assistance of counsel, namely, counsel's allowing Petitioner to enter a plea knowing that he was mentally ill, allowing Petitioner to enter a plea knowing that it was involuntary due to his mental illness, and advising Petitioner to enter a plea because if he did not accept the plea he would receive a sentence of thirty (30) years to life in prison, the record demonstrates that Petitioner raised these issues in his second Rule 3.850 motion (Ex. H). The state circuit court denied the claims on the ground that they were successive and procedurally barred, citing Rule 3.850(f) of the Florida Rules of Criminal Procedure and two Florida cases, Jones v. State, 591 So. 2d 911 (Fla. 1991) and Aldridge v. State, 503 So. 2d 1257 (Fla. 1987) (Ex. I). The

court alternatively denied the claims on the merits (*id.*). The First DCA affirmed the lower court's decision without written opinion (Ex. J).

The last state court rendering judgment clearly and expressly stated it was relying on state procedural rules to resolve the federal claim. *See* Yist v. Nunnemaker, 501 U.S. 797, 803, 111 S. Ct. 2590, 2594, 115 L. Ed. 2d 706 (1991) (although a procedural bar may be removed if the last state court to be presented with a claim ignores the bar and reaches the merits, when the trial court's denial of a claim on procedural grounds is affirmed by the appellate court per curiam and without opinion, the appellate decision is deemed to have affirmed the procedural bar); *see also* Alderman, 22 F.3d at 1549 ("[W]here a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim."). Additionally, the state court's decision on the procedural issue rested entirely on state law grounds, namely, Rule 3.850(f), which is firmly established and regularly followed by Florida courts.[10] *See* Fla. R. Crim. P. 3.850(f); *see also* Frazier v. State, 898 So. 2d 1183, 1183–84 (Fla. 3d DCA 2005) (barring as successive claims that could have and should have been made in previous post-conviction motion); Washington v. State, 876 So. 2d 1233, 1234 (Fla. 5th DCA 2004) (same). Therefore, this court must honor the state court's application of the state procedural bar.

The next step in the exhaustion analysis is a determination of whether any future attempt to exhaust state remedies would be futile under Florida's procedural default doctrine. As Respondent notes, any attempt to seek a belated appeal would be untimely, pursuant to Rule 9.141(c)(4), because

---

[10]Although the state circuit court alternatively determined Petitioner's claims were without merit, this does not nullify the procedural default. *See* Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995) (where state court rests its denial of claim on state procedural grounds but alternatively reviews claim on the merits, federal courts on habeas review should apply state procedural bar and decline to reach the merits); Alderman v. Zant, 22 F.3d 1541 (11th Cir. 1994). As the Supreme Court explained:

> A state court need not fear reaching the merits of a federal claim in an alternative holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law.

Harris v. Reed, 489 U.S. 255, 264 n.10, 109 S. Ct. 1038, 1044 n.10, 103 L. Ed. 2d 308 (1989) (citation omitted). Furthermore, an appellate court's per curiam affirmance of a decision that is based on a procedural bar is deemed to affirm the procedural bar. *See* Yist, *supra*.

Case No. 5:10cv89/RS/EMT

more than two (2) years has elapsed since the expiration of time for filing the notice of appeal. Additionally, any attempt to present the claims in another Rule 3.850 motion would be subject to dismissal as successive, pursuant to Rule 3.850(f). Therefore, the claims are procedurally defaulted. *See* Bailey, 172 F.3d at 1303

The remaining issue is whether Petitioner has shown he is entitled to federal review under any of the recognized exceptions to the procedural bar. In Petitioner's responses to the motion to dismiss, he asserts the following circumstances as cause for the procedural default: (1) his mental retardation, memory loss, and illiteracy; (2) his dependence on prison law clerks to assist him, and (3) several institutional transfers, which caused him to lose contact with the prison law clerks assisting him (Doc. 16 at 9–11; Doc. 23 at 2–6). Petitioner's arguments are unconvincing. The record demonstrates he was well able to conduct post-conviction litigation in the state courts, for example, by filing post-conviction applications and appeals (at least some of which complied with state procedural rules) and articulately presenting his claims in those filings. Furthermore, Petitioner's justifications do not explain why he was able to raise his sub-claims in his second Rule 3.850 motion but unable to do so in his first Rule 3.850 motion, when the two motions were filed just eight (8) months apart and were based upon essentially the same facts, and/or facts that were available to Petitioner when he filed his first motion. Nor has Petitioner alleged he made any effort to avail himself of the opportunity to seek a belated appeal of his first Rule 3.850 motion, which was a procedural vehicle he obviously became aware of prior to expiration of the time limit for doing so.[11] He has thus failed to establish causation between his alleged circumstances and his failure to comply with state procedural rules and pursue available state remedies. Moreover, as previously discussed, lack of counsel or ignorance of available procedures is not enough to establish cause. *See* Tower, 7 F.3d at 210.

Finally, Petitioner has failed to show he is entitled to review through the "fundamental miscarriage of justice" portal to the procedural bar. Although he asserts his alleged mental defect

---

[11] Petitioner had until October 5, 2009, to file a petition for belated appeal of the denial of his Rule 3.850 motion. *See* Fla. R. App. P. 9.141(c)(4) (petition for belated appeal shall not be filed more than two years after expiration of time for filing notice of appeal from final order). He filed a petition for belated appeal seeking a belated direct appeal of his conviction within that time, which demonstrates he was aware of the availability of this procedural vehicle.

Case No. 5:10cv89/RS/EMT

constituted a viable legal defense to the charges, he does not allege the existence of new reliable evidence showing he is innocent of the crimes (*see* Doc. 21). Therefore, Petitioner's claims are procedurally barred from federal review.

## IV. CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (Doc. 12) be **GRANTED** on the ground that Petitioner's claims are procedurally barred from federal review.

2. That the petition for writ of habeas corpus (Doc. 1) be **DENIED**.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 3rd day of May 2011.

                                         /s/ *Elizabeth M. Timothy*
                                         **ELIZABETH M. TIMOTHY**
                                         **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).